IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| VERNON ERWIN SATCHELL, #1453363 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv360 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge Judith K. Guthrie. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Specifically, Petitioner objects to each of the Magistrate Judge's findings in the Report by re-stating essentially the same arguments raised in his reply to the Respondent's answer. The Magistrate Judge discussed each of these points and Petitioner has produced nothing to show that the findings of the state courts were either contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Riddle v. Cockrell*, 288 F.3d 713, 716 (5th Cir.), *cert. denied* 537 U.S. 953, 123 S. Ct. 420, 154 L. Ed. 2d 300 (2002). Therefore, Petitioner's objections are overruled.

Petitioner also filed two motions concurrently with his objections: a Motion for an Evidentiary Hearing (docket entry #39) and a Motion for Production of Documents (docket entry #40). Evidentiary hearings are not required in federal habeas corpus proceedings. Rule 8, Rules Governing § 2254 Cases in the United States District Courts; *McCoy v. Lynaugh*, 874 F.2d 954, 966-67 (5th Cir. 1989). Quite the contrary, "to receive a federal evidentiary hearing, a petitioner must allege facts that, if proved, would entitle him to relief." *Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir. 1987), *cert. denied*, 484 U.S. 1079, 108 S. Ct. 1059, 98 L. Ed. 2d 1021, *and reh'g denied*, 485 U.S. 1015, 108 S. Ct. 1491, 99 L. Ed. 2d 719 (1988). To obtain an evidentiary hearing, a petitioner must show the existence of a genuine dispute of material fact, which if resolved in his favor would grant him relief, and he has been denied a full and fair hearing in the underlying state proceedings. *Valdez v. Cockrell*, 274 F.3d 941, 944 n.4 (5th Cir. 2001) (citing *Townsend v. Sain*, 372 U.S. 293, 312-13, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963), *overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5-6, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) (holding that were the petitioner has failed to develop a claim in state court proceedings, he must establish cause and prejudice in order to receive a federal evidentiary hearing)), *reh'g denied*, 287 F.3d 392 (5th Cir.) *and reh'g en banc denied*, 288 F.3d 702 (5th Cir.) *and cert. denied*, 537 U.S. 883, 123 S. Ct. 106, 154 L. Ed. 2d 141 (2002). A court need not "'blindly accept speculative and inconcrete claims' as the basis upon which to order a hearing." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.) (citations omitted), *cert. denied*, 493 U.S. 970, 110 S. Ct. 419, 107 L. Ed. 2d 384 (1989). These requirements "avoid wasting federal judicial resources on the trial and federal habeas corpus claims." *Wilson*, 825 F.2d at 880. The Petitioner has not alleged facts showing that he is entitled to federal habeas corpus relief or that he is entitled to an evidentiary hearing.

This decision is buttressed by Petitioner's motion for production of documents; he now seeks this Court to order produced documents and transcripts from his state trial. He should have obtained any such documents long ago, if he believed them to be pertinent, and should have obtained them from the state court instead of petitioning this Court for them. Both motions will be denied.

It is therefore

**ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further

**ORDERED** that Petitioner's Motions for Evidentiary Hearing (docket entry #39) and for Production of Documents (docket entry #40) are hereby **DENIED**. It is finally

**ORDERED** that any remaining motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 20th day of September, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**